## Goebel, Jr., et al. *v.* Hummel, Jr.

*Malicious prosecution—Liability joint and several—Two defendants may prosecute error proceedings without joining others—Partnership not necessary party where judgment against individuals—Judgment not manifestly against weight of evidence or damages excessive—Charge to jury —Refusal to give special requests, not error—Requests unreasonably long and unwarranted statements assumed as facts—Defendant's assumption as to material purchased, not probable cause, when—Special charges before argument, stating law applicable to facts, not erroneous— Charge to jury considered as a whole.*

1. That plaintiff's original action was against partnership, and not against individuals comprising it, *held* not to avail him on his motion to dismiss error to his judgment against two individuals, one of whom was member of partnership.
2. Liability in tort is joint and several.
3. In malicious prosecution action, two defendants might prosecute error without joining the other defendants as parties.
4. Judgment in malicious prosecution action *held* not reversible as against weight of evidence, where not manifestly against weight of evidence.
5. Damages for malicious prosecution *held* not excessive.
6. In malicious prosecution action, refusing involved charges of unreasonable length, assuming as facts unwarranted statements, and erroneously stating that if defendant assumed material purchased was Neponset, and plaintiff knew it was not, this was probable cause for prosecution, *held* not error.
7. In malicious prosecution action, giving to jury before argument requested charges stating law as applicable to facts which were not misleading *held* not error.
8. Charge comprehensive and correct as a whole *held* not reversibly erroneous because some of its paragraphs alone might not be clear or did not fully state the law on the subjects intended to be covered.

(Decided March 29, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Dempsey & Dempsey, Messrs. Bolsinger & Benham,* and *Mr. Frank E. Burnett,* for plaintiffs in error.

*Mr. Leonard H. Freiberg, Messrs. Pogue, Hoffheimer & Pogue,* and *Mr. Walter M. Locke,* for defendant in error.

BY THE COURT. The action was commenced in the court of common pleas by Joseph G. Hummel, Jr., against William A. Goebel, Justus Goebel, Jr., and Charles A. Dessauer, partners doing business as Lowry & Goebel Company, and Howard I. Hooker, and was for damages for malicious prosecution.

At the close of the evidence, the court dismissed Charles A. Dessauer, who had died during the pendency of the action, and instructed the jury that William A. Goebel and the firm of Lowry & Goebel were dismissed from the action, and that Howard I. Hooker and Justus Goebel, Jr., were the parties to be considered by them as parties defendant.

.A verdict was returned for plaintiff, assessing damages against the two last-named defendants for $5,000, which the court reduced to $3,000.

Motions for a new trial, filed by Justus Goebel, Jr., and Howard I. Hooker, were overruled, and judgment entered against them. Two other entries were made at the same time, one dismissing William A. Goebel and one dismissing Charles A. Dessauer.

No motion for a new trial was made by plaintiff.

Justus Goebel, Jr., and Howard I. Hooker then filed these proceedings in error, naming the plain-

tiff below as defendant in error to reverse the judgment entered against them.

Defendant in error filed a motion to dismiss the petition in error for want of necessary parties, and for defect of parties defendant, claiming that because William A. Goebel and the firm of Lowry & Goebel were not made parties defendant this court was without jurisdiction to hear the case.

The cause of action, being for malicious prosecution, was in tort. It is claimed by the defendant in error, plaintiff below, that his original action was against the firm, and not against the individuals comprising the firm. What plaintiff considered in bringing the action can hardly be of avail to him now, as the judgment which he secured in the case, and on which he relies, was a judgment against two individuals, one of whom is a member of said firm. This is the judgment sought to be reversed. William A. Goebel and Lowry & Goebel are not mentioned in this judgment. Liability in tort is joint and several, and upon the authority of the decision in *Lindemann* v. *Eyrich, Sr., ante,* 314, decided this day by this court, William A. Goebel and the firm of Lowry & Goebel are not necessary parties to these proceedings in error. The motion to dismiss the petition in error is therefore overruled.

We come now to a consideration of the errors complained of by the plaintiffs in error, which are: That the judgment is against the weight of the evidence; that the damages are excessive; that counsel for plaintiff below was guilty of misconduct; that the court erred in refusing to give certain special written charges, offered by the defend-

ants; error in giving certain special written charges, offered by the plaintiff; and error in the general charge.

We have examined the record and cannot find that the judgment as entered was manifestly against the weight of the evidence, and while the damages are substantial, they do not appear to us to be so excessive as to have been rendered as a result of passion or prejudice.

We have considered the various acts of counsel which are classed as misconduct, particularly with reference to statements made in his argument to the jury, and consider that any statements which he made, and which were objected to, were not prejudicial, in view of the fact that the court sufficiently instructed the jury with reference thereto.

Special charges 2, 3, and 4, submitted by the defendants, and which the court refused to give, were in our opinion properly refused, and are all subject to the same criticism. It is not necessary to copy them in this opinion, but each of them is involved, assumes as facts statements that are not warranted, and is of unreasonable length. The charges also state that if Hooker assumed that the material he purchased was Neponset, and Hummel knew it was not Neponset, this would furnish probable cause for the prosecution. The fact that Hooker assumed it to be Neponset would not have a bearing on probable cause, unless Hummel knew, or believed, that Hooker was purchasing on this assumption. There was, therefore, in our opinion, no error in the refusal to give any or all of these special charges.

Counsel complain as to the giving of charges offered by the plaintiff, known as special charges Nos. 1, 2, and 3. These charges state the law as applicable to the facts. We do not consider them misleading. We therefore find no error in giving them to the jury before argument.

Great stress is laid on error in the general charge, and the matter is presented to us on excerpts taken from that charge. While some of these paragraphs standing alone might not be clear, and do not fully state the law on the given subjects intended to be covered, the charge as a whole is comprehensive and correct, and we see nothing in that charge whereby the jury could have been misled to the prejudice of the plaintiffs in error.

We are of opinion that the plaintiffs in error had a fair and impartial trial, and we find no error materially affecting the rights of plaintiffs in error which would warrant a reversal.

*Judgment affirmed.*

BUCHWALTER, P. J., HAMILTON and CUSHING, JJ., concur.